GEORGE OPDYKE and others, Plaintiffs, *v.* GEORGE A. MERWIN and others, Defendants.

*Usury — Contract — by what laws to be governed.*

W., a resident of Connecticut, drew, in that State, a draft upon the defendant, a resident of New York, directed to him at his place of business in New York, and the same was accepted by him, payable in New York, solely for the accommodation of the drawer and returned to W., in Connecticut., with the expectation that it would be negotiated in that State. W. discounted the draft in Connecticut at the rate of three per cent per month.

In an action upon the draft brought in this State, *held,* that as the draft had no existence as a contract until discounted in Connecticut, and as the acceptor understood that it was to be used in that State, the acceptance must be regarded as a Connecticut contract; that the question of usury and its effect upon the validity of the draft was to be governed by the laws of Connecticut and not by the laws of New York, and that the mere fact that the paper was payable in this State did not render it subject to our law as to usury.

Motion for a new trial on exceptions ordered to be heard, in the first instance at the General Term, after a verdict directed by the court.

This action was brought by the plaintiffs, as owners and holders of two drafts drawn by John H. Wingfield of Connecticut upon, and accepted, payable in the city of New York, by the defendants, then residents of that city. The drafts were dated in New Haven and directed to the defendants at their place of business at No. 60 Duane street, New York. They were accepted for the accommodation of the maker and were returned to him with authority to use them in the State of Connecticut where they were discounted at the rate of three per cent per month.

*Miller, Peet & Opdyke,* for the plaintiffs. The production of the drafts by plaintiffs was presumptive proof that they were the legal owners, for value, in the usual course of business and before maturity, and conclusive proof of the same in the absence of proof of illegality or fraud in the inception of the drafts or that the drafts had been lost or stolen. (1 Dan. on Negotiable Inst., § 812; *Collins* v. *Gilbert,* 94 U. S., 753; *Ross* v. *Bedell,* 5 Duer, 462, 467; *Charles* v. *Marsden,* 1 Taunt., 224; *Grant* v. *Elliott,* 7 Wend., 229; *Com. Bank* v. *Norton,* 1 Hill, 501; *Harvey* v. *Towers,* 4. Ex. L. and Eq. R., 537; *Berry* v. *Alderman,* 24 id., 318; see, also, *Grocers' Bank* v. *Penfield,* 7 Hun, 279; affirmed by Court of Appeals, 2 Abb. [N. Cas.], 305; *Schepp* v. *Carpenter,* 51 N. Y., 602; *Mechs. and Trs. Bank* v. *Crow,* 60 id., 85.)

*Joseph N. Dickson,* for the defendants. On the trial no evidence of ownership was offered, except mere naked possession. This is not sufficient when the note has been shown to be of illegal inception or without consideration. (Edwards on Bills, * 686; *Stalker* v. *McDonald,* 6 Hill, 96; *Wardwell* v. *Howell,* 9 Wend., 170; *Vallet* v. *Parker,* 6 id., 615; *Bailey* v. *Bidwell,* 13 Mees. & Wels., 73; *Heath* v. *Sansom,* 2 Barn. & Adolp., 297.) The court erred in declining to direct a verdict in favor of defendants on the ground that the drafts were void for usury, and the plaintiffs could not maintain an action upon them against defendants. The place of performance of the contract in this case was New York. The place of acceptor's residence shall be the place of payment, unless otherwise stipulated. (*Freese ads. Brownell,* 10 Am. R., 239; Edwards on Bills, * 495.) In considering what is "the place of contract," with a view to determine what law governs it, the engagements of the maker and indorser of a note are to be treated as independent contracts. (*Lee* v. *Selleck,* 33 N. Y., 615.) As to the acceptor of a draft the law of the place where it is payable governs as to the question of legal interest and legality generally. It is the place of performance. (*Jewell* v. *Wright,* 30 N. Y., 259; *Cutler* v. *Wright,* 22 id., 480; *Everett* v. *Vendryes,* 19 id., 436; *Curtis* v. *Leavitt,* 15 id., 9, 227; Story on Conflict of Laws, §§ 282, 291.) When a note made and dated in this State is negotiated in another State at a rate of discount exceeding seven per cent the laws of New York control,

and no action can be maintained upon the note here. (*Jewell* v. *Wright*, 30 N. Y., 259 ; *Clayes* v. *Hooker*, 4 Hun, 231.)

Davis, P. J. :

A verdict was directed in this case at Circuit, and the exceptions were ordered to be heard in the first instance in this court.

One Winterfield, who resided at Stamford, in the State of Connecticut, made the drafts in suit in that State. They were drawn upon the defendants in this action, in the firm name of George A. Merwin & Co., at No. 160 Duane street, in the city of New York, which was their place of business. The defendants then resided in this city. The drawer forwarded the drafts to the defendants, who accepted the same in their firm name and returned them to him. The acceptance was purely for the accommodation of the drawer, and without any consideration between him and the acceptors. After receiving back the accepted drafts, the drawer forwarded them for discount to one Beach, a banker, at New Haven, Connecticut, by whom they were discounted, at the rate of three per cent per month, and the proceeds were used by the drawer in his business at New Haven. The drafts were afterwards indorsed by Beach to the plaintiffs, and on presentation for payment, payment was refused.

By the laws of Connecticut, which were proved on the trial, the rate of interest in that State is seven per cent a year, but the effect of receiving more, is the forfeiture of the "money or property so received to any person who shall sue therefor, within one year thereafter." The plaintiffs' counsel asked the court to direct a verdict for the plaintiffs, in accordance with the provisions of the statute of Connecticut. The court so directed, deducting the excess of interest over and above seven per cent, and to this direction the defendants excepted. The defendants' counsel moved to dismiss the complaint for want of proof of ownership of the drafts by the plaintiffs. He also moved, that the court direct a verdict for the defendants, on the ground that the rate of discount was usurious under the laws of this State and the acceptances were invalid. The court refused and the defendants duly excepted.

As to the exception of the defendants to the denial of the first motion to dismiss the complaint it is enough to say that the pro-

duction of the note, and the indorsement thereon by Beach to the plaintiffs, was *prima facie* evidence of ownership, and sufficient to entitle the plaintiffs to recover under the evidence in this case, unless the alleged defense of usury was established. (*Mechanics and Traders' National Bank* v. *Crow*, 60 N. Y., 85.)

As to the exception to the second motion of the defendant, unless the case is distinguishable from *Jewell* v. *Wright* (30 N. Y., 259) and *Clayes* v. *Hooker* (4 Hun, 231), it must be deemed to be disposed of by the case of *Dickinson* v. *Edwards*, decided at the present term of this court (post p. 405), holding the above cases to be *stare decisis* of the question therein involved.

But that case and this are not precisely analogous in their facts. In this case the drawer resided in Connecticut, he drew the drafts in that State; they were accepted in the State of New York by the defendants, solely for his accommodation, and returned to him, of course, with authority to use them in the State of Connecticut, and doubtless with the expectation that they would be so used. They were discounted in that State, and in that act each of them had its legal inception. Inasmuch as the acceptances had no legal existence as contracts until the delivery of them to Beach upon the discounting, and as such delivery must be held to be authorized by the acceptors, the acceptances must be regarded as contracts made in the State of Connecticut, notwithstanding the signatures of the defendants to the acceptances were given in New York. The drafts under the facts proved, were mere waste paper in the hands of the drawer until the delivery to Beach, and in legal effect the acceptances can only be considered a consummated contract by such delivery. The transaction of discount under the laws of Connecticut was a lawful one, so far as the validity of the paper is concerned, for the only effect of reserving more than seven per cent under those laws is a forfeiture of the excessive interest when sued for within a year. The acceptances were, however, payable at the place of business of the defendants in the city of New York, where alone they could lawfully be presented and payment demanded. But it has been held that the mere fact that paper is payable in this State which has been made and discounted in another State, at a rate of interest greater than is allowed by our statute, does not render it void by our laws if valid by the laws

of the State where it was made and discounted. (*Balme* v. *Wambough*, 38 Barb., 352; *Bank of Georgia* v. *Lewin*, 45 id., 340; *First National Bank* v. *Morris*, 1 Hun, 680, and cases there cited.) It must be conceded that these cases, impugn the general rule that contracts are to be governed by the law of the place where they are to be performed; but the severe consequences of usury have often been deemed a sufficient reason for making such exceptions. Under the authorities already cited, we feel ourselves justified in holding that the drafts in suit are contracts governed by the laws of Connecticut, and that the question of usury was properly disposed of by the court below; leaving it for the court of last resort to determine whether *Jewell* v. *Wright* disposes of the question adversely to this view.

The result is, that the plaintiffs are entitled to judgment upon the verdict, with costs.

Ordered accordingly.

INGALLS, J., concurred; BRADY, J., dissented.

Judgment ordered for the plaintiff on the verdict, with costs.

*Usury — contract — by what law governed.*